**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| GORDON LOREY GRILZ, | No. CIV 02-1294 PCT RCB (MS) |
| Petitioner, | |
| vs. | O R D E R |
| TERRY L. STEWART, et. al., | |
| Respondents. | |

On July 11, 2002, Petitioner Gordon Lorey Grilz filed a Petitioner for Writ of Habeas Corpus (doc. # 1) pursuant to 28 U.S.C. § 2254. On July 25, 2006, the Court denied the Petition as untimely under the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Order (doc. # 25). Currently pending before the Court is Petitioner's motion for certificate of appealability (doc. # 28). Having carefully reviewed the arguments raised, the Court now rules.

**I.  STANDARD OF REVIEW**

Before a prisoner can appeal the denial of a § 2254 petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c);

Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

When a § 2254 petition is denied on procedural grounds, as in the present case, a certificate of appealability may issue only if the prisoner can show both "(1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and "(2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (internal quotations and citation omitted). Both are threshold inquiries, and a court may dispose of an application for a certificate of appealability by "resolv[ing] the issue whose answer is more apparent from the record and arguments." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**II. DISCUSSION**

In this case, Petitioner's § 2254 petition (doc. # 1) was denied as time-barred under the AEDPA's one-year statute of limitations. Order (doc. # 25) at 7-23. The facts relevant to that decision are set forth in great detail in the Court's order of July 25, 2006. See id. at 2-6. Petitioner has not demonstrated that jurists of reason would conclude differently than the Court with respect to the various arguments he raised in favor of tolling the AEDPA's one-year limitations period. In light of arguments made on his present motion, a few points merit repetition and

emphasis.

**A. Mailbox Rules**

Contrary to Petitioner's view, the Court's application of the common-law mailbox rule does not impose a Herculean burden on prisoner litigants. See Mot. (doc. # 28) at 5. The presumption could have possibly been raised by Petitioner in a number of ways. For example, had Petitioner's former counsel provided an affidavit that he actually mailed Petitioner's notice of petition for his state petition on October 10, 1996-- not merely "caused [the notice] to be mailed" by delivering it to his secretary-- or retained a proof of mailing from the post office, the common-law mailbox rule may have been satisfied. See Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992). Moreover, the Court has explained that the prison mailbox rule, under which a pro se petition is deemed filed at the moment it is delivered to prison officials for forwarding to the court clerk, see Houston v. Lack, 487 U.S. 266, 276 (1988), is inapplicable to the facts of this case where Petitioner was represented by counsel and no documents were delivered to prison officials, see Order (doc. # 25) at 10 n.4.

**B. Post-Conviction Rules Applied by State Court**

Likewise, there is little room for debate among reasonable jurists as to which post conviction rules the state court relied upon in considering his second Petition for Post-Conviction Relief. Petitioner still believes that the state court's cognizance of his second petition under the post-conviction rules of 1996 is implicit proof that the requisite notice had been filed in October of 1996. Mot. (doc. # 28) at 6; see also Reply (doc. # 11) at 2; Objections (doc. # 23) at 5. The state court's written opinion expressly

-3-

repudiates this theory. In rejecting the State's assertion that the second petition was untimely, the judge stressed that the "post-conviction rules <u>in effect at the time of [Petitioner's] conviction</u> [<u>i.e.</u>, not 1996] allowed him to file a Notice of Post-Conviction Relief at any time." Answer (doc. # 7), Ex. H at 1 (emphasis added). Whether the state court was wrong to do so is of no consequence. Although Petitioner may be correct in stating that the state court should have applied the post-conviction rules of 1996, <u>see</u> Mot. (doc. # 28) at 6, the court's clear admission that it did not do so extinguishes the premise of Petitioner's inferential argument. The court applied the rules in effect at the time of Petitioner's conviction. Answer (doc. # 7), Ex. H at 1. Given that there were no time limitations under those rules, <u>see</u> Ariz. R. Crim. P. 32.4(a) (West 1983), Ariz. R. Crim. P. 32.4(a) (West 1985), there is no way to reasonably construe the court's order as tacitly acknowledging that a notice had previously been filed. <u>See</u> Order (doc. # 25) at 11-12, 12 n.5.[1]

**C. Equitable Tolling**

Finally, reasonable jurists would not disagree that the Court correctly relied upon and applied <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005), in finding Petitioner ineligible for equitable tolling. Petitioner asserts that his case is distinguishable from <u>Pace</u>, because the Supreme Court in that case held that an untimely filed state petition did not qualify for statutory tolling under 28

---

[1] In view of this background, reasonable jurists would not disagree that Petitioner had failed to raise a colorable argument warranting an evidentiary hearing concerning the state court's record keeping. <u>Cf.</u> Mot. (doc. # 28) at 6-7.

-4-

U.S.C. § 2244(d)(2).  <u>See</u> Mot. (doc. # 28) at 7.  However, the issue of statutory tolling in <u>Pace</u> was decided separately from the question of equitable tolling.  On equitable tolling, the Supreme Court explained that the petitioner's delay of five years in filing his state petition, followed by five months of delay in filing his federal petition, demonstrated that he had failed to pursue his rights diligently.  <u>See</u> <u>Pace</u>, 544 U.S. at 418-19.  It was on this basis that the petitioner was found ineligible for equitable tolling.  <u>See</u> <u>id.</u>  Similarly, in this case, Petitioner delayed by at least ten years in filing his second state petition, and by six months in seeking federal relief.  <u>See</u> Order (doc. # 25) at 22.  It was for these considerably lengthier and unexplained delays that the Court found him ineligible for equitable tolling.  <u>See</u> <u>id.</u>

Petitioner attempts to justify these delays by pointing out that the AEDPA had not been in force during much of that time, and explaining that he had believed he was entitled to statutory tolling as early as October of 1996.  <u>See</u> Mot. (doc. # 28) at 8-9. The Supreme Court implicitly rejected both of these arguments in <u>Pace</u>.  Although the petitioner's claims were available to him in 1986 and 1991, prior to the AEDPA's enactment, the Supreme Court still considered the petitioner's delay in filing his state petition unjustified.  <u>See</u> <u>Pace</u>, 544 U.S. at 418-19.  And although, like Petitioner in this case, he may have believed that his state petition was properly filed and entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), the Supreme Court still considered his subsequent delay of five months in pursuing federal relief unjustified.  <u>See</u> <u>id.</u>

As to Petitioner's arguments concerning the adequacy of the

prison libraries and contract paralegals, reasonable jurists would not disagree with the conclusion of the Magistrate Judge, R&R (doc. # 15) at 10-13, as adopted by this Court, Order (doc. # 25) at 20, that neither constituted an unconstitutional state-created impediment to the filing of Petitioner's federal application.  For these reasons, the Court finds that probable cause does not exist for an appeal of its decision on equitable tolling.

**III. CONCLUSION**

In sum, the evidence overwhelmingly establishes that tolling of the one-year limitations period was not warranted in this case on the basis of (1) statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for the period from October 10, 1996 through January 8, 2002, see Order (doc. # 25) at 9-13, (2) belated discovery of the factual predicate of one claim of ineffective assistance of counsel, see id. at 13-18, or (3) equitable tolling, see id. at 20-22.  Because a request for a certificate of appealability may be denied on the strength of a procedural ruling, the Court need not reach the constitutional questions of Petitioner's underlying claims.  See Slack, 529 U.S. at 484-85.  Therefore,

IT IS ORDERED that Petitioner's motion for certificate of appealability (doc. # 28) is DENIED.

DATED this 13th day of December, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Petitioner pro se.